```
              UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                     EASTERN DIVISION

JOHNNY RAY TAYLOR, JR.,        )
                               )
          Petitioner,          )
                               )
v.                             ) Case No.: 1:12-cv-03772-WMA-JHE
                               )
WARDEN GARY HETZEL and THE     )
ATTORNEY GENERAL FOR THE       )
STATE OF ALABAMA,              )
                               )
          Respondents.
```

**MEMORANDUM OPINION**

On October 20, 2015, the magistrate judge entered a Report and Recommendation, (Doc. 10), finding the petition for a writ of habeas corpus to be successive and recommending that it be dismissed without prejudice to allow the petitioner to petition the Eleventh Circuit Court of Appeals for authorization to file a successive petition in this court. The petitioner has filed objections. (Doc. 13). He contends his petition is not successive because his prior habeas petition contained a speedy trial claim only, and did not attack his prior conviction and sentence. (*Id.*). He also urges the court to find error in the magistrate judge's failure to address his actual innocence claim and equitable tolling claim and failure to hold an evidentiary hearing and grant discovery. (*Id.*).

The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to

be adopted and approved. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part:

> (b)(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Although the petitioner argues his first petition only asserted a speedy trial claim and did not attack his conviction or sentence, that petition was filed almost six months after the resolution of the petitioner's direct appeal. The claims he attempts to assert in this petition were available at that time. If he wishes to bring another petition in this court, he must obtain authorization from the United States Court of Appeals for the Eleventh Circuit **before** it is filed with the district court. 28 U.S.C. § 2244(b)(3)(A). This court is without jurisdiction to hear the current petition.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be dismissed. Petitioner's renewed motion to appoint counsel (Doc. 9) will likewise be denied. A separate order will be entered.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Petitioner's claims do not satisfy either standard.

**DONE** this 2nd day of November, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE